IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**DIPESH SINGLA, on behalf of himself and all similarly situated individuals,**

**Plaintiff,**

v.

**UNITED STATES OF AMERICA, et al.**

**Defendants.**

**Case No.: To be decided**

**Hon'ble Judge: TBD**

**Hon'ble Magistrate Judge: TBD**

**MOTIONS FOR EXPEDITED DISCOVERY, FEE WAIVER, APPOINTMENT OF COUNSEL, AND OTHER RELIEF**

**INTRODUCTION**

Plaintiff Dipesh Singla, proceeding pro se, respectfully moves this Honorable Court for comprehensive relief addressing the multifaceted violations and procedural needs in this complex civil rights action. This motion consolidates fifteen distinct but interrelated requests, each grounded in constitutional provisions, statutory authorities, and controlling precedent. The motions collectively seek to ensure Plaintiff's access to justice, protect against retaliation, compel governmental accountability, and provide necessary accommodations given the complexity of this litigation and Plaintiff's circumstances.

**I. MOTION FOR EXPEDITED DISCOVERY**

Plaintiff moves for expedited discovery under Federal Rule of Civil Procedure 26(d) and the principles established in *Hickman v. Taylor*, 329 U.S. 495 (1947). Expedited discovery is urgently necessary to identify Doe Defendants 1-100 who participated in or had knowledge of the alleged civil rights violations, obstruction of justice, and retaliation. Critical evidence regarding the assault, subsequent investigations, and institutional responses is at imminent risk of destruction. Discovery is essential to document the systemic failures across multiple governmental agencies. Federal Rule of Civil Procedure 26(d) permits courts to modify discovery sequences for good cause. The Supreme Court in *Hickman* recognized that discovery is essential "for the preparation of trial" and that courts have broad discretion to tailor discovery procedures to the needs of each case. Given the complexity of this multi-defendant, multi-agency litigation involving constitutional violations, expedited discovery is warranted to prevent irreparable prejudice to Plaintiff's case. Plaintiff requests an order authorizing immediate discovery prior to the Rule 26(f) conference, compelling Defendants to respond to

interrogatories and document requests within 14 days, requiring depositions of key witnesses, including University officials and government agents, within 30 days, and appointing a special master to oversee discovery if necessary.

## II. MOTION FOR FEE WAIVER AND FREE U.S. MARSHAL SERVICE

Plaintiff moves for a request waiver of all filing fees, costs, and service fees pursuant to 28 U.S.C. § 1915(a), and requests that U.S. Marshals serve summons and complaint at no cost. Section 1915(a) permits courts to authorize proceedings in forma pauperis when a plaintiff demonstrates financial inability to pay court fees. The Supreme Court in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), established that financial hardship cannot bar access to courts, recognizing that "justice should not be dependent upon wealth." Plaintiff is unable to pay fees due to termination of employment by the University of Chicago after engaging in protected activity, limited financial resources with no substantial assets, no current income, and insufficient funds to cover filing fees or private process servers, and the public interest nature of this litigation which exposes governmental misconduct and protects civil rights, serving the public interest in governmental accountability. Plaintiff requests a complete waiver of all filing fees and court costs associated with this action, authorization for U.S. Marshals to serve summons and complaint on all Defendants at no cost, and waiver of any additional fees that may accrue during the pendency of this litigation. This is requested in good faith and invoking protections given to request this by the law.

## III. MOTION TO EXPEDITE THIS CASE AND BRING CRIMINAL LAWSUIT AGAINST UNIVERSITY OF CHICAGO AND SHRIVATSA THULASIRAM

Plaintiff moves to expedite proceedings to initiate criminal charges against the University of Chicago and Shrivatsa Thulasiram, grounded in Federal Rule of Criminal Procedure 48(b) and the court's inherent authority to manage its docket, as recognized in *United States v. Ammidown*, 497 F.2d 637 (D.C. Cir. 1973). Federal Rule of Criminal Procedure 48(b) authorizes the government to dismiss charges with leave of court, and by implication, courts have authority to expedite proceedings when justice requires. The D.C. Circuit in *Ammidown* recognized that courts have inherent authority to expedite proceedings "when justice requires." Expedited review is necessary due to ongoing threat to Plaintiff's safety as Shrivatsa Thulasiram has threatened Plaintiff's life and made caste-based hate speech, risk of evidence destruction as critical evidence regarding the assault and subsequent cover-up is at risk of being destroyed, and compelling public interest in prosecuting violent crimes and institutional misconduct. Plaintiff moves the Court to expedite proceedings to initiate criminal actions against the University of Chicago for obstruction of justice (18 U.S.C. § 1503), misprision of felony (18 U.S.C. § 4), and conspiracy to defraud (18 U.S.C. § 371), and against Shrivatsa Thulasiram for assault (720 ILCS 5/12-1), hate crimes (720 ILCS 5/12-7.1), threats (720 ILCS 5/12-6), and other criminal conduct.

## IV. MOTION FOR APPOINTMENT OF COUNSEL FOR THIS COMPLEX CASE

Plaintiff moves for appointment of counsel under 28 U.S.C. § 1915(e)(1) and the principles established in *Capobianco v. City of New York*, 422 F.2d 519 (2d Cir. 1970). Section 1915(e)(1)

permits courts to appoint counsel for indigent plaintiffs in exceptional circumstances. The Second Circuit in *Capobianco* established that counsel should be appointed when a case involves complex legal issues beyond a layperson's capacity. Appointment of counsel is warranted due to the complexity of this multi-defendant action involving complex constitutional, statutory, and criminal law issues, Plaintiff's degraded mental health resulting from the assault and subsequent retaliation, Plaintiff's unsafe living environment with ongoing threats and intimidation making self-representation particularly challenging, and the need for legal expertise in civil rights law, criminal procedure, and federal agency litigation. Plaintiff requests appointment of counsel with experience in civil rights litigation under 42 U.S.C. § 1983, employment discrimination under Title VII and Title IX, criminal law and procedure, and federal agency practice and procedure.

## V. MOTION FOR RECOGNITION OF PRO SE APPEARANCE

Plaintiff moves for recognition of his pro se appearance, consistent with Federal Rule of Civil Procedure 11 and the constitutional right to self-representation affirmed in *Faretta v. California*, 422 U.S. 806 (1975). The Supreme Court in *Faretta* recognized that the Sixth Amendment guarantees the right of self-representation. Federal Rule of Civil Procedure 11 requires pleadings to be presented to the court in a form that is not presented for any improper purpose. Plaintiff seeks to proceed pro se due to inability to secure counsel at this time, possession of unique firsthand knowledge of the facts and circumstances, and commitment to pursuing justice in this matter with diligent research of applicable law. Plaintiff requests recognition of his pro se appearance without prejudice to future appointment of counsel, permission to file pleadings and other documents without attorney representation, and consideration of Plaintiff's pro se status in any scheduling or procedural orders.

## VI. MOTION FOR ADDITIONAL RELIEF NECESSARY FOR ACCESS TO JUSTICE

Plaintiff moves for additional relief necessary to ensure meaningful access to justice, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the principles established in *Tennessee v. Lane*, 541 U.S. 509 (2004). The ADA requires reasonable accommodations for disabled litigants to ensure meaningful access to courts. The Supreme Court in *Lane* recognized that Title II of the ADA validly abrogates state sovereign immunity and requires states to provide reasonable accommodations. Plaintiff requires accommodations due to mental health disabilities including anxiety, depression, and PTSD resulting from the assault and retaliation, language barriers with limited English proficiency requiring translation assistance, and cognitive challenges created by the complexity of this litigation requiring additional support. Plaintiff requests translation assistance for all court proceedings and documents, additional time to respond to motions and discovery requests, simplified instructions for court procedures, access to a quiet, private space for depositions and other proceedings, and any other accommodations necessary to ensure meaningful participation.

## VII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves for a protective order under Federal Rule of Civil Procedure 26(c) and the principles established in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Federal Rule of

Civil Procedure 26(c) permits courts to issue protective orders "for good cause" to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense." The Supreme Court in *Seattle Times* recognized that courts have broad discretion to fashion protective orders that balance the need for discovery against the potential for harm. A protective order is necessary to prevent retaliation by Defendants who have already engaged in retaliatory conduct including termination and academic disciplinary proceedings, dissemination of confidential information including Plaintiff's personal information such as medical records and immigration status which is at risk of improper disclosure, and harassment or intimidation as Plaintiff has been subjected to threats and stalking. Plaintiff requests an order prohibiting Defendants from disclosing Plaintiff's confidential information to third parties, restricting the use of discovery materials to this litigation only, prohibiting contact between Defendants and Plaintiff outside of formal proceedings, requiring Defendants to preserve all evidence related to this case, and imposing sanctions for any violation of the protective order.

## VIII. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for a preliminary injunction governed by Federal Rule of Civil Procedure 65 and the standards established in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008). Federal Rule of Civil Procedure 65 permits courts to issue preliminary injunctions upon a showing of irreparable harm, likelihood of success on the merits, balance of equities favoring the plaintiff, and public interest favoring injunctive relief. The Supreme Court in *Winter* established that these four factors must be satisfied. Plaintiff has demonstrated irreparable harm as without injunctive relief, Plaintiff faces ongoing retaliation, destruction of evidence, and further violations of his rights, likelihood of success as Plaintiff has presented substantial evidence of constitutional violations, statutory violations, and criminal conduct, balance of equities as the harm to Plaintiff without relief far outweighs any burden on Defendants, and public interest as the public interest strongly favors protecting whistleblowers and civil rights. Plaintiff requests an injunction prohibiting Defendants from engaging in any form of retaliation against Plaintiff, requiring the University of Chicago to preserve all evidence related to the assault and investigations, compelling CPD and FBI to properly investigate the reported crimes, prohibiting any adverse actions against Plaintiff's immigration status, and requiring Defendants to maintain the status quo pending resolution of this litigation.

## IX. MOTION FOR COURT-APPOINTED SPECIAL PROSECUTOR

Plaintiff moves for appointment of a special prosecutor authorized by 28 C.F.R. § 600.1 and the principles established in *Morrison v. Olson*, 487 U.S. 654 (1988). The Attorney General's regulations authorize appointment of special prosecutors to investigate and prosecute matters when a conflict of interest exists. The Supreme Court in *Morrison* upheld the constitutionality of independent counsel provisions. A special prosecutor is necessary to investigate criminal conduct by the University and Shrivatsa Thulasiram, review the failure of governmental agencies to investigate, and determine whether criminal charges should be brought against any party. Plaintiff requests appointment of a special prosecutor to investigate the assault and subsequent cover-up, review the failures of CPD, FBI, OFCCP, WHD, and other agencies,

determine whether criminal charges are warranted against any individual or entity, and report findings to the Court and recommend appropriate action.

## X. MOTION FOR IMMUNITY FROM ADVERSE ACTION

Plaintiff moves for immunity from adverse action based on whistleblower protections under 18 U.S.C. § 1513(e) and the principles established in *United States v. Acosta*, 673 F.3d 511 (5th Cir. 2012). Section 1513(e) prohibits retaliation against whistleblowers who report information to law enforcement officers. The Fifth Circuit in *Acosta* recognized immunity for good-faith reporting of misconduct. Immunity is necessary to protect Plaintiff from retaliation for protected activity as Plaintiff has engaged in protected activity by reporting assault, discrimination, and other misconduct, adverse immigration actions as Plaintiff faces potential adverse immigration actions based on this litigation, and professional and academic retaliation as Plaintiff is at risk of blacklisting in professional and academic contexts. Plaintiff requests an order granting immunity from any adverse action based on Plaintiff's protected disclosures, prohibiting any retaliation related to this litigation, requiring Defendants to report any adverse actions to the Court, and imposing sanctions for any violation of the immunity order.

## XI. MOTION FOR REFUGEE STATUS DETERMINATION AND ASYLUM APPLICATION

Plaintiff moves for referral to appropriate agencies for refugee status determination and asylum consideration pursuant to 8 U.S.C. § 1158 and the standards established in *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). Section 1158 provides for asylum for individuals unable to return to their home country due to persecution. The Supreme Court in *Cardoza-Fonseca* established the standard for asylum eligibility. Refugee status determination is warranted due to threats against Plaintiff's life as Shrivatsa Thulasiram has threatened Plaintiff's life and safety, hostile environment in the United States as Plaintiff faces a hostile environment due to caste-based discrimination and retaliation, and fear of persecution as Plaintiff fears persecution based on caste and national origin if returned to his home country. Plaintiff requests referral to the appropriate agencies for refugee status determination, consideration of asylum application based on fear of persecution, protection from deportation or removal pending determination, and authorization to work in the United States pending determination.

## XII. MOTION FOR ETHICS TRAINING

Plaintiff moves for an order requiring ethics training for governmental officers under the Ethics in Government Act, 5 U.S.C. App. 4 § 101, and the principles established in *United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999). The Ethics in Government Act requires ethical conduct by government employees. The Supreme Court in *Sun-Diamond* defined ethical standards for government officials. Ethics training is necessary to prevent recurrence of the violations alleged in this case, ensure compliance with ethical standards for government employees, and promote government accountability and transparency. Plaintiff requests an order requiring ethics training for all governmental officers involved in this case, mandating training on whistleblower protections and civil rights obligations, requiring periodic reporting

on compliance with ethical standards, and imposing sanctions for any failure to complete training.

### XIII. MOTION FOR CLASS CERTIFICATION

Plaintiff moves for class certification pursuant to Federal Rule of Civil Procedure 23 and the standards established in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Federal Rule of Civil Procedure 23 permits class actions when numerosity, commonality, typicality, and adequacy requirements are met. The Supreme Court in *Dukes* established requirements for class certification. Class certification is warranted because the class is so numerous that joinder is impracticable, there are questions of law and fact common to the class, Plaintiff's claims are typical of the class, and Plaintiff will fairly and adequately protect the interests of the class. The class consists of all persons who have been subjected to failure to investigate civil rights violations by Defendants, obstruction of justice by Defendants, retaliation for reporting misconduct to Defendants, and discrimination in violation of Title VI by Defendants. Plaintiff requests certification of the proposed class under Rule 23(b)(3), appointment of Plaintiff as class representative, appointment of class counsel, and notice to class members.

### XIV. MOTION FOR DECLARATORY JUDGMENT

Plaintiff moves for declaratory judgment under 28 U.S.C. § 2201 and the principles established in *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937). Section 2201 authorizes courts to declare the rights and legal relations of parties. The Supreme Court in *Haworth* defined the scope of declaratory relief. Declaratory judgment is necessary to establish that Defendants' actions violated Plaintiff's constitutional and statutory rights, clarify the legal relations between Plaintiff and Defendants, and guide future conduct of the parties. Plaintiff requests a declaration that Defendants' actions violated Plaintiff's constitutional and statutory rights, Plaintiff is entitled to protection from retaliation and blacklisting, Defendants are required to investigate complaints and comply with civil rights laws, and any further violations will result in additional sanctions.

### XV. MOTION FOR MANDAMUS RELIEF

Plaintiff moves for a writ of mandamus under 28 U.S.C. § 1361 and the standards established in *Kerr v. United States District Court*, 426 U.S. 394 (1976). Section 1361 authorizes courts to compel government officers to perform their non-discretionary duties. The Supreme Court in *Kerr* established standards for mandamus relief. Mandamus relief is necessary to compel agency action as OFCCP must investigate Plaintiff's discrimination complaint, WHD must investigate Plaintiff's wage theft complaint, CPD and FBI must investigate the reported crimes, and all agencies must process FOIA requests in a timely manner. Plaintiff requests a writ of mandamus compelling OFCCP to investigate Plaintiff's discrimination complaint, compelling WHD to investigate Plaintiff's wage theft complaint, compelling CPD and FBI to investigate the reported crimes, and compelling all agencies to process FOIA requests in a timely manner.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honourable Court grant each of the fifteen motions outlined above, either in whole or in part, and provide any additional relief the Court deems just and proper. These motions collectively seek to ensure Plaintiff's access to justice, protect against retaliation, compel governmental accountability, and provide necessary accommodations given the complexity of this litigation and Plaintiff's circumstances.

Respectfully submitted,

Dipesh Singla,

Pro Se Plaintiff (non-attorney)

Date: October 12, 2025

Contact: (773) 457-1046

Email: dipeshsingla668@gmail.com